FILED'10 MAR 23 14:42 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DIANE L. ROXBURY,                          Civ. No. 08-951-HO

       Plaintiff,                          ORDER

   v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

---

    Plaintiff Diane Roxbury, seeks review of the September 28, 2007, decision by the Administrative Law Judge (ALJ), denying plaintiff's claim for disability insurance benefits because the ALJ found that upon considering the plaintiff's age, education, work experience and residual functional capacity (RFC), there are jobs that exist in significant numbers in the national economy that plaintiff can perform. [Tr. 43]. Plaintiff alleges disability beginning November 2, 2002, and met the insured status requirements through March 21, 2006. [Tr. 32].

Plaintiff timely appealed the ALJ's decision to the Appeals Council who denied her request for review on June 11, 2008, at which time, the ALJ's decision became the Commissioner's final decision. [Tr. 8-11]. The parties agree on this matter's procedural history which will therefore not be repeated here.

Plaintiff argues that the ALJ erred in relying on vocational expert (VE) testimony that conflicted with the Dictionary of Occupational Titles (DOT); in making a RFC that failed to include all of plaintiff's limitations which resulted in an inaccurate hypothetical question being posed to the VE; in improperly rejecting the state agency doctors' opinions regarding plaintiff's limitations and finally in rejecting the opinions of Drs. Johnston and Green regarding plaintiff's functional limitations. [#17, 24]. Plaintiff therefore asserts that this matter should be remanded for an award of benefits. *Id.*

Defendant agrees that this matter should be remanded but, for further administrative proceedings or a finding of disability rather than for benefits. [#23]. The Commissioner further explains that he agrees with just two of plaintiff's assignments of error: the conflicted VE testimony and the rejection of the state agency reviewing consultants' opinions. [#23-pp.4-9].

## Discussion

The ALJ found that plaintiff had the following severe impairments: depression/anxiety disorder; borderline IQ/learning disorder; degenerative disc disease of the lumbar spine;

fibromyalgia; and right shoulder adhesive capsulitis and possible arthritis. [Tr.32]. The court noted that due to the complex nature of plaintiff's psychological profile (which has resulted in various somatic complaints of physical ailments being recorded by health care providers), the ALJ would only consider those diagnoses with objective findings, as valid. [Tr.33].

The ALJ ultimately found that plaintiff had the RFC to lift 20 pounds occasionally, and 10 pounds frequently; to walk 6 hours in an 8 hour work-day; to sit 6 hours in an 8 hour work-day; was precluded from over the shoulder work and limited to occasional fingering and handling. [Tr.34]. Plaintiff, the ALJ found, was otherwise limited to simple routine tasks with no close interaction and only brief superficial contact with both the general public and co-workers. *Id.*

Plaintiff complains that the ALJ improperly rejected Dr. Johnston's opinions regarding her inability to work. [#17-pp.13-16; #24-pp.9-13]. Similarly she alleges that the ALJ disregarded Dr. Greene's rheumatoid disease assessment. [#17-pp16-17]. However, an ALJ may properly discount medical opinions based on discrepancies between the opinion and the physician's notes. *Bayliss v. Barnhart*, 427 F3d 1211, 1216 (9th Cir. 2005)(rejecting doctor's opinion that contradicted the doctor's treatment notes and other recorded observations and opinions regarding plaintiff's capabilities). Here, the ALJ's summary properly and specifically details the evidence upon which she relied in

discounting both these physicians' opinions. [Tr.38, 40-41].

Similarly plaintiff complains that the ALJ improperly rejected her own testimony and allegations. [#17-pp.17-20; #24-pp.13-16]. Where a plaintiff produces objective medical evidence of an impairment reasonably expected to produce symptoms, and there is no evidence of malingering, the ALJ may still find the plaintiff not credible by providing specific, clear and convincing reasons supported by substantial evidence. *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996). Again, I find that the ALJ gave detailed and appropriate references to both the record and plaintiff's hearing testimony that support a finding that plaintiff is not fully credible. The ALJ's reasons included among other things plaintiff's various somatic complaints, her drug-seeking behaviors and reports of exaggerated pain as well as inconsistencies within her reports to various treatment sources and her hearing testimony. [Tr.41-42].

Both parties conclude that the ALJ erred in relying on the VE's testimony which was inconsistent with information in the DOT. [#17-p.8-11; #23-p.4-5]. Because the record clearly shows that the ALJ found plaintiff was limited to occasional fingering and handling [Tr.34], and all three of the jobs listed by the VE require frequent fingering and/or handling, I agree. Further, plaintiff asserts and defendant agrees that the record is insufficient with regard to the reasons that lead the ALJ to reject the state agency's doctors' opinions with regard to

plaintiff's limitations.

This court may remand this case for either additional evidence and findings or for the award of benefits. *Stolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir 1996). Generally, when the court reverses a case (except in rare instances), it is for additional investigation or explanation. *Benecke v. Barnhard*, 379 F.3d 587, 595 (9th Cir.2 2004). It is the unusual case in which it is clear from the record that a plaintiff is unable to perform SGA and where an immediate award of benefits is therefore appropriate. *Id.* The record must be fully developed so that further administrative proceedings have no useful purpose. *Smolen*, 80 F.3d at 1292. Such is not the case in this instance.

However, I agree that the above-noted errors require this matter to be referred back to the ALJ for a new hearing at which the ALJ should make further findings consistent with 42 U.S.C. §405(g). These findings should include *inter alia*: further consideration of the state agency's medical experts' opinion(s) regarding plaintiff's ability to work at a sedentary level; re-evaluation of plaintiff's RFC; and composition of a hypothetical consistent with the expanded record for the VE's consideration. The ALJ should also specifically address plaintiff's assertions that her RFC combined with her non-exertional findings render her unable to work, disabled and appropriate for an award of benefits.

This remand for further proceedings is appropriate to

resolve defects in this administrative proceeding. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). The ALJ shall issue a new decision after fully developing the record as described above.

## Conclusion

Based on the foregoing , this case is REMANDED for further administrative proceedings consistent with this opinion.

DATED this 23rd day of March, 2010.

_____
UNITED STATES DISTRICT COURT JUDGE