IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DIANE ROXBURY                              Civ. No. 08-951-HO

        Plaintiff,                     ORDER

v.

Commissioner of Social Security,

        Defendant.

---

    Plaintiff previously sought an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $9,859.58. The Commissioner objected to hours billed after the filing of the Commissioner's successful motion to remand, but the court found the hours spent in opposing the remand motion did benefit plaintiff in identifying further issues for remand. Plaintiff now seeks an award of fees pursuant to EAJA for time spent litigating the initial fee petition. Plaintiff seeks $3,163.91 for 17.55 hours of work.

    The Commissioner objects to the number of hours spent

litigating the issue and lack of detail in documenting those hours. Plaintiff's counsel uses the objection as an opportunity to revisit the initial fee application and now seeks an award at the market hourly rate by arguing the Commissioner has acted in bad faith in opposing the current fee application and, by extension, the initial fee application.[1]

Plaintiff's counsel has resorted to abrasive tactics in the past and this case is no exception. The court takes this opportunity to remind counsel that no matter the relative merits of a party's position, counsel should always strive to maintain civility. The court understands that in advancing a claim for an hourly market rate, bad faith must be demonstrated. However, such arguments should be reserved for extraordinary cases.

The Commissioner did not engage in bad faith in objecting to fees related to contesting a voluntary remand and the court sees no reason to revisit that issue. Moreover, a billing of 10.75 hours on the part of attorney Ralph Wilborn was made for, in part, "re-reading Plaintiff's memorandum." The government objects to this apparently duplicative work. Plaintiff had two attorneys work for her on this case and attorney Tim Wilborn argues that Ralph Wilborn did not draft the memorandum in support of the fee and, therefore,

---

[1] Plaintiff argues that an adjustment to the market rate would result in increase from $9,859.58 to $59,322.22 for the initial fee application and an increase from $3,163.91 to $18,284.12 for the instant fee application. The court finds that an hourly rate of over $1,000 for social security work in this area to be well beyond any reasonable market rate as well even accounting for the contingent nature of the litigation.

it was necessary for him to read it before drafting a reply to the response. Not only is the government's reading of the billing as duplicative understandable giving that it uses the word "re-read," the court finds that dividing the work in such a manner unnecessarily added to the amount of time to draft the reply.

The billing indicates that the majority of the work done with respect to the fee dispute was shouldered by attorney Ralph Wilborn who did not draft the initial application for fees. This inefficient division of labor resulted in the extra time expended by Ralph Wilborn having to review the application. In addition, the billing indicates that Ralph Wilborn outlined and drafted the reply brief, but that Tim Wilborn also spent time reviewing the response and drafting the reply brief. Accordingly, the time spent by attorney Tim Wilborn on the reply will be excluded from the EAJA award and the court deducts 4.8 hours expended by attorney Tim Wilborn in that regard.[2]

Plaintiff's supplemental fee application (#40) is granted in the amount of $2,298.57 representing 12.75 hours for work at a rate of $180.28.

DATED this 21st day of September, 2011.

Michael R. Hogan
UNITED STATES DISTRICT COURT JUDGE

---

[2] The court specifically deducts .2 hours spent on reviewing defendant's EAJA response, .5 hours filing review and providing memo to co-counsel for EAJA reply, 1.5 hours working on EAJA arguments, and 2 hours drafting EAJA reply brief.